**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| DOUGLAS FAMILY TRUST, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. **19-1534** |
| ALIGHT SOLUTIONS LLC, NICK DOUGLAS, GRAPHIC PACKAGING INTERNATIONAL INC, | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION

Defendant, Alight Solutions LLC, by counsel, respectfully notifies this Court of the removal of the above-styled cause from the 4th Judicial Circuit Court of Ouachita Parish, Louisiana, to the United States District Court for the Western District of Louisiana, Monroe Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and says as follows:

I.

This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq*. (hereafter "ERISA"); and supplemental jurisdiction under 28 U.S.C. §1367.

II.

On or about October 28, 2019, Plaintiffs filed in the 4th Judicial Circuit Court of Ouachita Parish, Louisiana the above-entitled civil action, bearing Case No. 19-3367 in the records and files of that Court.

III.

The aforesaid 4th Judicial Circuit Court of Ouachita Parish, Louisiana action is a suit of a wholly civil nature of which the United States District Court for the Western District of Louisiana, Monroe Division, has original jurisdiction under 28 U.S.C. §1331, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

IV.

This Court has federal question jurisdiction over the action because Plaintiffs, as alleged beneficiaries under an employee welfare benefit plan, seek recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA:

a. At all times relevant hereto Graphic Packaging International, Inc. established and/or maintained an employee welfare benefit plan that provided life insurance coverage for decedent, Lori Douglas, and, as such, was a participant and/or beneficiary under said employee welfare benefit plan;

b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

c. The plan was established and is maintained for the purpose of providing, among other things, life insurance benefits for participants and/or beneficiaries of the plan;

d. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

e. Plaintiffs' claim is one for recovery of benefits and other relief under said employee welfare benefit plan; and

f. Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiffs' claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

VI.

This action is therefore one of which the United States District Court for the Western District of Louisiana, Monroe Division, has original federal question jurisdiction under 28 U.S.C. §§1331 and 1441, as well as supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441. Ouachita Parish is within the venue of the United States District Court for the Western District of Louisiana, Monroe Division.

VII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

    a.    The time for filing this petition under 28 U.S.C. §1446 has not expired;

    b.    Plaintiffs seek recovery of life insurance benefits but they have artfully crafted their pleading based wholly upon state law causes of action, claims and/or theories of recovery;

    c.    In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by Plaintiffs herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides Plaintiffs' exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiffs' case, however pleaded, exclusively a federal question case removable to this Court;

      d.      To the extent any of Plaintiffs' claims are governed by state law, this Court has supplemental jurisdiction over such claims; and

      e.      Consent to removal from Defendant, Nick Douglas, is attached as Exhibit "A". Consent to removal is not required from Defendant, Graphic Packaging International, Inc., because there is no information in the state court record to indicate it was served in the state court action.

VIII.

Therefore, Defendant files this Notice of Removal of this action from the 4th Judicial Circuit Court of Ouachita Parish, Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana, Monroe Division. There are attached to this notice, marked Exhibit "B" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

IX.

Also attached to this notice, marked as Exhibit "C" and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits) with the 4th Judicial Circuit Court of Ouachita Parish, Louisiana.

WHEREFORE, Defendant notifies this Court of the removal of this action from the 4th Judicial Circuit Court of Ouachita Parish, Louisiana to the United States District Court for the Western District of Louisiana, Monroe Division.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By: *s/ William H. Payne*
        William H. Payne, LA Bar # 36617
        700 Poydras St., Suite 3500
        New Orleans, LA 70139
        Ph.: (504) 648-2612; Fax: (504) 648-3859
        william.payne@ogletree.com
        Attorneys for Defendant Alight

## CERTIFICATE OF SERVICE

I certify that on November 29, 2019 the foregoing *NOTICE OF REMOVAL* was filed electronically on and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

    Russell A. Woodard, Jr.
    raw@therawlaw.com

    Amy Coath Johnson
    amy@acjlawoffice.com

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the *NOTICE OF REMOVAL* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

    Amy Coath Johnson
    LAW OFFICE OF AMY COATH JOHNSON
    119 South Franklin Street
    Bastrop, Louisiana 71220

        *s/ William H. Payne*
        William H. Payne